## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| In Re: | Case No.: 16-40825 |
| Eric J. Lashley, | Chapter 7 |
| Debtor. | |
| _____/ | |
| Jennifer J. Lashley, | |
| Plaintiff, | |
| v. | Adversary No.: 16-04027 |
| Eric J. Lashley, | |
| Defendant. | |
| _____/ | |

### ORDER DENYING MOTION TO DISMISS

Pro se Plaintiff Jennifer J. Lashley initiated this action by filing a Complaint seeking an order ruling that debts Defendant/Debtor Eric J. Lashley owes to her are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) and (a)(15).  Doc. 1 ¶ 20.  In the Complaint, Lashley also alleges Debtor should be denied a discharge under 11 U.S.C. § 727(a)(2) and (a)(5) "in the event debtor disposes of any property during the pendency of this matter."  Doc. 1 ¶ 21.  Debtor filed a Motion to Dismiss, arguing that the Complaint was untimely because it was filed after the deadline for objecting to discharge.  Doc. 4 ¶¶ 1-2.  Lashley filed an Opposition to the Motion to Dismiss, admitting the Complaint was filed after the deadline to file objections to Debtor's discharge.  She explained that she intended to electronically file it on time but did not

1

know she lacked privileges to file it with the Court's electronic filing system.  Doc. 5 ¶¶ 1-4.  For the reasons stated below, the Motion to Dismiss is denied.

## I.   Analysis

### A.   Section 523 Causes of Action

In the Complaint, Lashley asserts causes of action under section 523.  Doc. 1 ¶ 20.  Bankruptcy Rule 4007 establishes the deadline to file a complaint seeking a determination of dischargeability under section 523:

> (b) Time for commencing proceeding other than under § 523(c) of the Code
>
> A complaint other than under § 523(c) may be filed at any time.  A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

Fed. R. Bankr. P. 4007.[1]  Complaints filed under sections 523(a)(5) and (a)(15) for domestic support obligations and divorce or separation obligations fall under this general rule and may be filed at any time, even if discharge has been entered and the case closed.  E.g., Fein v. Young (In re Young), 425 B.R. 811, 817 (Bankr. E.D. Tex. 2010) ("Although complaints to determine dischargeability under §§ 523(a)(2), (a)(4), and (a)(6) are subject to a deadline, no such deadline exists for complaints under § 523(a)(5). . . . Thus, the failure of the plaintiff in this case to file a § 523(a)(5) complaint by the deadline for dischargeability complaints is not dispositive of the dischargeability of the debt in question.").

Because Lashley asserts claims under section 523(a)(5) and (a)(15), these claims are not subject to the deadline for objecting to discharge and may be filed at any

---

[1] Section 523(c) applies only to complaints filed under section 523(a)(2), (a)(4) and (a)(6).  11 U.S.C. § 523(c)(1).

time. Debtor's argument that these causes of action are untimely is rejected. His motion to dismiss these claims is denied.

### B.    Section 727 Causes of Action

In the Complaint, Lashley also asserts causes of action under section 727(a)(2) and (a)(5). Doc. 1 ¶ 21. She alleges: "In the event debtor disposes of any property during the pendency of this matter, debtor should be denied a discharge[.]"

Bankruptcy Rule 4004 establishes the deadline to file a complaint seeking denial of discharge under section 727 and specifies the circumstances in which a court may grant an extension:

> (a) Time for objecting to discharge; notice of time fixed
>
> In a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . .
>
> (b) Extension of Time
>
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.
>
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(a). To comply with the deadline under Bankruptcy Rule 4004(a), Lashley must file the complaint by the deadline unless she did not have knowledge of the facts. Her allegations suggest that the conduct justifying a denial of discharge has not yet occurred or Lashley has not yet learned of sufficient facts to

3

support such a claim. Further, there are no allegations in the Complaint or evidence cited in the Motion to Dismiss to conclude beyond a doubt that these causes of action are untimely.[2] While there may be grounds to dismiss such a cause of action, timeliness is not among them. Debtor's motion to dismiss the section 727 causes of action is denied.

II.     **Conclusion**

Debtor's Motion to Dismiss is denied.

Dated November 21, 2016.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court

---

[2] See Thompson v. McJunkins, 2008 WL 3074728, at *2 (W.D. Ark. Aug. 4, 2008) (regarding a motion under Federal Rule of Civil Procedure 12(c), "[t]he court should not dismiss a pro se complaint 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citing Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir.1986)); see also Ulrich v. Pope Cnty., 715 F.3d 1054, 1058 (8th Cir. 2013) (regarding a motion under Federal Rule of Civil Procedure 12(b)(6), "'[d]ismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citing Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)).